1              UNITED STATES DISTRICT COURT

2       CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

3                  HONORABLE GEORGE WU

4          UNITED STATES DISTRICT JUDGE PRESIDING

5                      - - -

6
   Sweetwater Malibu CA, LLC,        )
7                    PLAINTIFF,    )
                                   )
8   VS.                            )   NO. CV 19-1848 GW
                                   )
9   Mauricio Umansky, et al.,      )
                      DEFENDANT,   )
10  _____)

11

12

13          REPORTER'S TRANSCRIPT OF PROCEEDINGS

14               LOS ANGELES, CALIFORNIA

15              MONDAY, JUNE 3, 2019

16

17

18       _____

19            KATIE E. THIBODEAUX, CSR 9858
               U.S. Official Court Reporter
20                  Suite 4311
                 350 West 1st Street
21             Los Angeles, CA  90012

22

23

24

25

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

```
 1   APPEARANCES OF COUNSEL:

 2


 3   FOR PLAINTIFF:

 4        CYPRESS LLP
          BY:  JULIAN BREW
 5        11111 Santa Monica Boulevard
          Suite 500
 6        Los Angeles, CA  90025

 7


 8        PRAXIS LAW
          BY:  R. KEVIN FISHER
 9        P.O. Box 26249
          Los Angeles, CA  90026
10

11


12   FOR DEFENDANT:

13        O'MELVENY AND MEYERS LLP
          BY:  DAVID L. KIRMAN
14        1999 Avenue of the Stars
          Eighth Floor
15        Los Angeles, CA  90067

16

17

18

19

20

21

22

23

24

25
```

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

```
 1              LOS ANGELES, CALIFORNIA; MONDAY, JUNE 3, 2019

 2                            10:08 A.M.

 3                            - - - - -

 4

 5

 6         THE COURT:  Let me call the matter of Sweetwater

 7  Malibu versus Umansky.

 8         MR. BREW:  Julian Brew appearing for the plaintiff

 9  Sweetwater.

10         MR. FISHER:  And good morning, your Honor.  Kevin

11  Fisher also appearing for Sweetwater.

12         MR. KIRMAN:  Good morning, your Honor.  David

13  Kirman on behalf of UMRO Realty and Mauricio Umansky who

14  is present in court.

15         THE COURT:  All right.  We are here on the motion

16  for -- motion to dismiss.  I issued a tentative on this.

17  I presume both sides have seen it?

18         MR. BREW:  Yes, your Honor.

19         MR. KIRMAN:  Yes, your Honor.

20         THE COURT:  Somebody want to argue something?

21         MR. KIRMAN:  Yes, your Honor.

22         THE COURT:  All right.

23         MR. KIRMAN:  Your Honor, thank you for the

24  tentative.

25              We have reviewed it and believe that there are
```

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

```
 1    two very important issues that the court should address.

 2         THE COURT:  All right.

 3         MR. KIRMAN:  And these are issues that the court

 4    itself highlighted.

 5              The first on page 10 of the tentative found

 6    that the ability to jointly select the charity to receive

 7    funds provided the plaintiff in this case, Sweetwater

 8    LLC, some basis for standing.

 9              Your Honor, I would refer you to Exhibit 2 of

10    the -- or our filing which is the settlement agreement,

11    and I believe there is some conflation of parties here,

12    your Honor.  The plaintiff Sweetwater has zero interest

13    in selecting the charity --

14         THE COURT:  I understand that.

15         MR. KIRMAN:  -- in contrast to many --

16         THE COURT:  But the other individual, and I will

17    refer to him by -- I refer to him in this write up as

18    Nguema.  Is that how you pronounce it?

19         MR. BREW:  I think Nguema.

20         THE COURT:  As Nguema.  Obviously, he has it, and

21    my understanding is Sweetwater LLC is him because he is

22    all the membership of the LLC, but that is not

23    necessarily clear.  But let me put it this way, what you

24    are talking about is just simply a procedural step

25    because I do agree with you that before I will allow the
```

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

1   case to go any further, he -- or I presume it would be he

2   since it is a he -- he would have to come in, and then

3   there is also the question as to whether or not the

4   United States needs to come in.

5          Although, for purposes of standing, I don't

6   think we need to have the United States.  I just think

7   maybe for purposes of a complete coverage of this matter,

8   maybe the United States should be brought in.  But,

9   certainly, he has to be brought in.

10          MR. KIRMAN:  Your Honor, as a party?

11          THE COURT:  As a party.  Yeah.

12          MR. KIRMAN:  So, your Honor, on that basis, we

13   would request that the court grant the motion.

14          THE COURT:  Why would I grant the motion because,

15   again, all that is required is a signature.  And I

16   presume they can get the signature fairly quickly.  So

17   why would I dismiss the case?

18          MR. KIRMAN:  Your Honor, I think we would ask that

19   the court dismiss the case, let it get refiled.

20          THE COURT:  Why would I do that?  Because, again,

21   arguably Sweetwater has standing because Sweetwater is

22   his company.

23          Let me ask the plaintiff, is there anybody

24   else that is part of the LLC other than him?

25          MR. BREW:  No, your Honor.

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

```
 1          THE COURT:  So he is, for all intents and
 2   purposes, and so I am willing to have this case remain
 3   here until such time as that issue is resolved by his
 4   coming in the case.  And also indicating that if it
 5   hasn't been indicated elsewhere, that he is the sole
 6   member of the LLC.
 7          MR. KIRMAN:  So is it the order of your Honor that
 8   he needs to join this case?
 9          THE COURT:  Yes.  At some point in time.  And the
10   case won't go further until he is joined.
11          MR. BREW:  May we address that issue before you
12   reach a final conclusion on it?
13          THE COURT:  Sure.
14          MR. BREW:  I am happy to wait until counsel is
15   finished.
16          THE COURT:  He is finished with that point.
17          MR. KIRMAN:  Your Honor, that is the first point I
18   am willing to relinquish.
19          THE COURT:  Yes.  So respond now.
20          MR. BREW:  Okay.  So, your Honor, Sweetwater is
21   owned 100 percent by Nguema.  It is a company that was
22   formed to hold --
23          THE COURT:  Where is the evidence of that in this
24   case?
25          MR. BREW:  Well, it is part of the underlying.  I
```

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

1    believe you will find it in the settlement agreement.  It

2    is part of the underlying record.  It is not an issue

3    that was raised on this motion.  If it is something that

4    is going to be raised, then we are happy to respond to

5    it.  But when you have an entity that is owned by someone

6    else for the purpose of acquiring property that is then

7    going to be used by that other person, that entity can

8    have an interest in whether that person, you know, that

9    person's interests are furthered by the use of the

10   property.

11        THE COURT:  Put it this way, I want him to come in

12   this case.

13        MR. BREW:  If it is your order, your Honor, we

14   will happily comply, but I would just refer the court to

15   Paragraph 2 of the settlement agreement itself which

16   which provides and states that Sweetwater Malibu is the

17   owner of the property.

18        THE COURT:  Let me put it this way, I understand

19   what the documents say.  I looked at the documents.  But

20   the problem is that he doesn't come in this case, I don't

21   know whether or not, I guess the old term used to be an

22   indispensable party.  I don't know what the new term is

23   for now it is maybe a party that you want in really,

24   really badly because either the remedy can't be complete

25   or there is a danger of multiple litigations, et cetera,

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

1  so, for multiple reasons, he has to be in here.

2       MR. BREW:  On that particular point, and, again,

3  your Honor, this issue was not raised.  We haven't

4  briefed indispensable party.  There is no motion.  Your

5  Honor has, obviously, the power to raise the issue.  But

6  let me just briefly address it.

7       THE COURT:  To make me happy --

8       MR. BREW:  We are always happy to make your Honor

9  happy.

10      THE COURT:  Good.  Thank you.

11      MR. BREW:  But the purpose of this lawsuit is to

12  determine how much money has not gone into the fund, into

13  the escrow account that should have gone there.

14      THE COURT:  I understand that, but the point is

15  there are lots of cases which basically say that if you

16  don't have some sort of interest in those funds, you

17  don't have standing to litigate whether or not those

18  funds somebody improperly affected those funds.

19           So the thing that I am primarily indicating is

20  that -- although there is another aspect where I think

21  Sweetwater may be sufficient because Sweetwater is a

22  party to the contract, and, therefore, they could pursue

23  it under that.  But the more I think important one is the

24  fact that the funds that were supposed to be generated as

25  a result of the sale of the real property that the excess

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

1    funds were supposed to have been provided to a charity

2    mutually selected by both the government and I will call

3    him Mr. N.

4           MR. BREW:  And, your Honor, that question is

5    before the court but in another case.  There is, in fact,

6    the underlying settlement agreement, enforcement of that

7    agreement is currently subject to proceedings in this

8    court, and we are dealing with the United States

9    government on that.  And the question as to --

10          THE COURT:  Hasn't reopened though.

11          MR. BREW:  -- what charity is selected.

12          THE COURT:  Still open?

13          MR. BREW:  Yes.  And, at the last hearing, there

14   was an order entered that the parties work together to

15   select the parties to the panel which will then select

16   the charity.

17          THE COURT:  Okay.

18          MR. BREW:  So that part of the case is not being

19   addressed in this proceeding.  It really has nothing to

20   do with Mr. Umansky.  That money is going to come to an

21   account --

22          THE COURT:  That might very well be true, but,

23   again, I want to have these things done the way that I

24   want to have them done.

25          MR. BREW:  Mr. Nguema is before the court in the

1    other proceeding.

2         THE COURT:  So it will be very easy to get his

3    signature on something that indicates that he is agreeing

4    to become a plaintiff in this matter as well.

5         MR. BREW:  If that is what your Honor is ordering,

6    we will comply.  Certainly.

7         THE COURT:  That is what I want.  Great.

8              Okay.  Let me have the second argument from

9    defense.

10        MR. KIRMAN:  Yes, your Honor.  On page 13 of your

11   Honor's tentative, the court actually explicitly asked

12   the question whether or not, based on our argument,

13   whether or not Mr. Nguema or, excuse me, Sweetwater could

14   never enforce any of the contracts.

15             Your Honor, page 13, if Sweetwater does not

16   have standing to sue for breach of those contracts

17   because they will not directly receive any funds from the

18   liquidation, does that mean Sweetwater can never enforce

19   any of the contracts?

20             And, your Honor, I believe there is two

21   answers to that.  The first is going back to first

22   principles.  He could sue under those contracts if, in

23   fact, he can allege an injury in fact that is both

24   concrete and particularized.  Absent those two elements,

25   the answer to your Honor's question would be, no, he can

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

```
 1   never.
 2          THE COURT:  Well, except I cite, again, a little
 3   bit thereafter in footnote 14 to this one case that
 4   basically says that when you have a contract that has
 5   been breached in order to remedy something in it, the
 6   time and effort that it takes just to do that can be a
 7   basis to supply standing.  Although, that case is not
 8   precedential.  I don't want to say presidential because
 9   that is the wrong word.  Precedential.  Because of the
10   fact that it is an unpublished Ninth Circuit case.
11          But I think the reasoning is a propos is that
12   there can be a basis upon that, and there have been other
13   cases that have said just simple enforcement to remedy a
14   breach gives rise to standing.  I don't quite go that
15   far, but I go somewhere towards that way.  So I
16   understand the argument that your side is making, but, in
17   the end, it is not going to be successful.
18          MR. KIRMAN:  Your Honor, may I respond to two
19   points?
20          THE COURT:  Sure.
21          MR. KIRMAN:  Number one, I think the second step
22   and the cases that we cited including the patent cases
23   says you can't just rely on the breach.  You have to look
24   at the substance of the interests that were given away.
25   And, your Honor, if you look at the forfeiture cases, the
```

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

1    patent cases, the copyright cases, that is the direction

2    that the courts go, and based on those underlying

3    interests --

4         THE COURT:  Yes.  But the thing about it is is

5    that there is two contracts we are talking about here,

6    one is the settlement agreement.  The other one is the

7    agreement insofar as the sale of the property.  And in

8    the situation where there is a contract for the sale of

9    real property, there is a relationship between Sweetwater

10   who was a signatory to that contract with the defendants.

11   And the defendants had certain obligations under that

12   contract.

13        And an argument could be made that there might

14   even be certain fiduciary relationships because in this

15   particular situation where you have a realtor who is

16   representing both the seller but secretly, allegedly,

17   secretly representing the buyer as well, there is a

18   potential for conflict there.  And unless there is a

19   netfication of that arrangement that would be a clear

20   violation of whatever rules of ethics that realtors have,

21   whatever those may be.

22        THE COURT:  It is problematic.

23        MR. KIRMAN:  But there is no allegation.

24        THE COURT:  There is the allegation.  There is an

25   allegation that while representing Sweetwater, that there

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

1    were advantageous, more advantageous things to be

2    obtained and that the defendant hid from the seller these

3    items and on a number of levels.  I mean, that is what

4    they are alleging.  I am not saying they are true because

5    they may not be true, but they are alleged.

6        MR. KIRMAN:  The fact of the dual representation

7    was not alleged to have not been disclosed.  So there is

8    other issues that I concede they allege were not

9    disclosed, but the fact of a dual representation is not

10   one of them.

11       THE COURT:  What is it, in essence, they are

12   claiming?  Even though they don't use the words dual

13   representation, they utilize the terms that the defendant

14   is representing the seller and that the defendants were

15   doing side agreements with the buyer to do certain things

16   to profit both the buyer and themselves.  What can one

17   say.

18       MR. KIRMAN:  Your Honor, I would like to move past

19   this issue to the issue of what they actually bargain for

20   with respect to the sale of this property, and, your

21   Honor, I would refer you to Paragraph 11 of the

22   settlement agreement which, you know, when there are

23   issues of conflict, the settlement agreement controls.

24           And these are the rights that Sweetwater and

25   Mr. Nguema retained, and, as set forth in the settlement

1   agreement, the right he retained, and I will quote from

2   the settlement agreement, under no circumstance will the

3   defendant real property be sold for less than the

4   defendant real property's fair market value as determined

5   by the appraiser pursuant to Paragraph 9.

6          And, your Honor, that is a jointly selected

7   appraiser.

8       THE COURT:  Let me stop you.  I don't think the

9   settlement agreement, the parties to the settlement

10   agreement agreed to be defrauded by a realtor.

11      MR. KIRMAN:  Your Honor --

12      THE COURT:  That is the substance of the

13   allegation that is being made.  So I looked at the

14   settlement agreement.  I didn't see anything there that

15   seems to suggest that.  If there were, my ruling would be

16   different.

17      MR. KIRMAN:  I understand that is the allegations

18   made by Sweetwater.

19      THE COURT:  That is the problem.  The only thing I

20   have right now are the allegations.  I have to accept

21   those allegations insofar as they are well plead as being

22   true.  And I have to draw every reasonable inference to

23   support those allegations, and that is what I am doing.

24          Once it gets to focus on the merits, those

25   things will fall aside, and, therefore, I will turn to

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

1    plaintiffs and say that doesn't seem to me that you were

2    all that realistic.  But it is what it is at this point

3    in time.

4         MR. KIRMAN:  But, your Honor, assuming that

5    everything in the complaint is true, the appropriate

6    party before the court is the charity.  That is the only

7    potential party that would have been injured.

8         THE COURT:  How can that even be appropriate party

9    because at this point in time that entity hasn't even

10   been designated so it is not in existence.   So,

11   therefore, you are saying that because it is not in

12   existence, we have to wait for it.  I don't think so.

13        The problem is the thing about it is is that

14   the government and Sweetwater and Mr. N are standing in

15   its stead at this point in time because they get to

16   select it.  So they have an interest in that regard

17   because what we are talking about now is standing.

18        MR. KIRMAN:  And once that charity is selected, to

19   the extent that it believes that any of these allegations

20   have merit --

21        THE COURT:  No.  Because this charity is not a

22   signatory to either the settlement agreement or to the

23   contract for sale of the real property.  The parties that

24   signed those documents have been stated, and the charity

25   is not any of those.

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

1          MR. KIRMAN:  Your Honor, it will be a beneficiary

2     with damages that are able to be alleged unlike Mr.

3     Nguema.

4          THE COURT:  No.  He has a sufficient interest

5     insofar as his ability to designate the charity and have

6     the funds that are envisioned under the settlement

7     agreement transferred to the charity.

8          MR. KIRMAN:  Your Honor, that is why I would refer

9     you back to the interest that he retained.  I agree with

10    your Honor that that interest is retained by him.  He

11    gets to choose a charity, but he doesn't have any

12    interest in the amount of the funds at all.

13         THE COURT:  Well, I would disagree in the sense

14    that he has a right to have the funds transferred, and he

15    has a right not to have those funds lessened by bad

16    conduct.

17         MR. KIRMAN:  Your Honor, so with respect to the

18    first part, but that is an intangible interest, your

19    Honor, that your Honor has already found does not confer

20    standing.  His personal satisfaction of not saying the

21    funds being less --

22         THE COURT:  I don't know if it is personal

23    satisfaction or not, but it is something that is provided

24    for under the settlement agreement.

25              Let me put it this way, counsel, I understand

```
 1    your argument.  I am just not buying it.

 2         MR. KIRMAN:  Your Honor, I believe there is

 3    some -- your Honor's order went in a little bit of a

 4    different direction than the parties' briefing.  I would

 5    ask, your Honor, it raises some substantial cases and

 6    questions including the footnote 14, that the defendants

 7    would request an opportunity to provide briefing on.

 8         THE COURT:  Doesn't bother me.  I suppose I will

 9    allow supplemental briefing, but I am not going to find

10    no standing at this point in time.

11         MR. KIRMAN:  Your Honor --

12         THE COURT:  Anything else?

13         MR. KIRMAN:  No, your Honor.  We just propose a

14    briefing schedule.

15         THE COURT:  All right.  I will give you guys --

16         What?  Why do you always to have stand up when

17    I am talking to him?

18         MR. BREW:  I thought you were asking the parties,

19    but I am happy to wait.

20         THE COURT:  All right.  Let me hear from you.

21         MR. BREW:  Well, on the issue of supplemental

22    briefing, we briefed this at length.

23         THE COURT:  Well, let me put it this way, I do

24    agree with defense counsel that I went a little bit in a

25    little side way direction from what you guys were
```

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

1    arguing.  I have to agree with him on that.

2          MR. BREW:  Then, would the issue of indispensable

3    party be raised as part of that as well because that is

4    another issue that was not briefed by the parties.

5          THE COURT:  Well, I will give you both sides

6    chance to argue supplemental stuff.

7          MR. BREW:  The reason I say that is if you look

8    back at the settlement agreement, Sweetwater is also a

9    party to it.

10          THE COURT:  No.  I agree with that.  The problem

11    is Sweetwater doesn't have the designation capacity that

12    Mr. N does.  Mr. N and the United States through the DOJ

13    are the entities that control where the money, excess

14    funds are going to go to.  Sweetwater does not.

15          MR. BREW:  But Sweetwater does have a contractual

16    interest that the money is used in that fashion, that it

17    goes to the charities as part of the consideration.  So

18    when parties enter into agreements --

19          THE COURT:  The problem is that, no, again, when

20    you say that, I don't understand what you mean because,

21    again, if that were the case, then the settlement

22    agreement would have referenced the fact that it is

23    Sweetwater and Mr. N who, along with the United States,

24    gets to choose.  But that is not what it says.

25          MR. BREW:  Right.  So the way we come at it,

```
 1   slightly different, but it kind of reaches sort of the
 2   same conclusion as your Honor which is that you have --
 3   contracts have a lot of provisions.  Not all of them
 4   involve how much money is paid.  Some of them involve how
 5   the money is used.  Some of the them involve how the
 6   services are performed.  Those are all things that matter
 7   to the parties to a contract.  And your Honor asked in
 8   the tentative was this something important to the vice
 9   president.  Well it is a part, it is a part of the
10   contract.  It is something that was specifically
11   negotiated.  He didn't just agree to give up the property
12   to the United States.
13        THE COURT:  That is why I am saying he has
14   standing.
15        MR. BREW:  It is a significant issue.
16        THE COURT:  But he is not it.  And the it is
17   Sweetwater.  Sweetwater isn't it.  And so it doesn't have
18   the same thing because it isn't provided for in that
19   capacity to it.
20        MR. BREW:  It doesn't have a role as an entity in
21   the selection of the charity, but it does have the right
22   to have the money it obtains sent to a charity and not
23   just the United States.  And there are specific
24   restrictions.
25        THE COURT:  That is a stickier point, and that is
```

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

1   the reason why I, again, but that goes to the defense

2   argument, defense argument is saying that neither

3   Sweetwater nor Mr. N have a financial interest because it

4   is not -- no matter what happens neither are getting the

5   money.

6           So but at least to Mr. N, that is not quite

7   true because even though he does not have -- get the

8   money forever, he has possessory interest to a certain

9   period of time because he and the government get to

10  choose the charity that the excess funds are going to go

11  to.  That, in my mind, that is a sufficient basis for

12  finding standing.  Sweetwater doesn't have that even.  So

13  that is the reason why it is it is problematic for

14  Sweetwater.

15      MR. BREW:  So Nguema would -- we are happy to join

16  him as a party.  We are sort of struggling a bit as to

17  exactly what his capacity would be.

18      THE COURT:  He would be a plaintiff.

19      MR. BREW:  And I think he is a party to the

20  settlement, and we can sue for enforcement of that.

21  Obviously, that is part of it.

22      THE COURT:  In other words, he would be a

23  plaintiff vis-a-vis in two capacities:  One as the sole

24  member of the LLC, and, secondly, as the signatory to the

25  settlement agreement contract which he would have.  In

1    addition to the contractual rights that Sweetwater has,

2    he has the additional capacity as the selecter of the

3    charity that the excess funds would go to.

4         MR. BREW:  Okay.

5         THE COURT:  So dates.  Yes.

6         MR. FISHER:  Just a practical question, your

7    Honor.

8         THE COURT:  Yes.

9         MR. FISHER:  How do you want that done, the adding

10   the plaintiff?

11        THE COURT:  Just amend the complaint to add him as

12   a plaintiff, and also something that indicates that he

13   agrees to be added.

14        MR. FISHER:  Is an amended complaint necessary,

15   your Honor, because then we would also have to amend the

16   summons?

17        THE COURT:  No.  I will allow it just to -- an

18   amendment to add him on because otherwise the pleading

19   won't be changed.

20        MR. FISHER:  So could we do something like a

21   plaintiff Doe amendment?

22        THE COURT:  Sure.

23        MR. BREW:  I assume this isn't going to open up

24   the pleading all over again to more motions.

25        THE COURT:  The only thing they made is they made

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

1    a motion to dismiss solely on the basis of standing.

2         MR. BREW:  Well, I don't think they have the right

3    to bring another 12(b) motion.  Once you have brought

4    one, you are supposed to include everything in it.

5         THE COURT:  I won't comment one way or the other

6    on that because I don't know what the law is.  I thought

7    their 12(b)(6) was solely on the basis of because of the

8    fact that it is related to 12(b)(1).

9         MR. BREW:  No.  They argued that the settlement

10   agreement somehow released them from any future fraud.

11   So that was part of the motion, and Rule 12 is quite

12   clear.  You have got to include everything at once so we

13   don't have this piecemeal, rolling motions that can take

14   this case forever.  And we would just as soon move on to

15   the merits at this point, your Honor.

16        THE COURT:  Well, let me stop you, all this will

17   be addressed in the supplemental.

18        MR. BREW:  But I would submit that we don't need

19   that.

20        THE COURT:  It is, but I am allowing it anyway.  I

21   will allow you to argue all this stuff so the stuff is

22   clear at that point in time.  So let me put it this way,

23   I will give you guys until the 14th to file supplemental

24   papers, cross supplemental papers and then a reply by the

25   21st.  And I will put the matter back on calendar for the

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

1    27th for the court's final ruling on this stuff.  Okay.

2            MR. KIRMAN:  Your Honor, what was the date of the

3    hearing?

4            THE COURT:  27th at 8:30.

5            MR. BREW:  I will be out of the country on the

6    24th.

7            MR. KIRMAN:  Your Honor, I unfortunately have

8    prebooked international personal travel during that

9    period.

10           THE COURT:  When are you leaving and when are you

11   coming back?

12           MR. KIRMAN:  I am leaving this Saturday, your

13   Honor, and coming back --

14           THE COURT:  This Saturday?

15           MR. KIRMAN:  Yes.  The 8th.  And coming back on

16   the 22nd.  So I would just ask for another week or two.

17           THE COURT:  Okay.  I thought I set it on the 27th.

18           MR. KIRMAN:  And just to allow time --

19           THE COURT:  All right.  I will put it for -- --

20   but then it gets to to be July.  Let me ask, can you guys

21   do July 1st?

22           MR. BREW:  I believe so.

23           MR. KIRMAN:  Yes, your Honor.

24           THE COURT:  I will put the hearing on for

25   July 1st, and so why don't we have the -- when can you do

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

1    the simultaneous replies then?  You are going to be able

2    to do those?

3         MR. KIRMAN:  Your Honor, I was asking for a little

4    more -- no problem with the first round of briefing.  I

5    can get that done before I leave.  However, I just will

6    not be able to --

7         THE COURT:  But you said you are going to be back

8    on the 22nd; right?

9         MR. KIRMAN:  Yes, your Honor.  So I would ask for

10   at least a week to do the briefing after I return.

11        THE COURT:  I won't give you a week.  I will give

12   you until the 27th, noon on the 27th.

13        MR. KIRMAN:  Yes, your Honor.

14        THE COURT:  And it is seven pages and five pages

15   so it is not going to be extensive.

16        MR. BREW:  And, I'm sorry, the 27th is the reply

17   and the --

18        THE COURT:  14th is the -- okay.

19        THE COURT:  All right.  Thank you very much.  Have

20   a nice day.

21        MR. BREW:  There is also a.

22        THE COURT:  We are not going to do the scheduling

23   conference.

24             Let me do this:  I actually could give you the

25   dates because I am going to matter for post-mediation

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

```
 1   status conference for December the 25th.  You can use

 2   anybody you want, either private or magistrate judge or

 3   somebody from the panel downstairs.  I will close regular

 4   discovery on December the 24th.  Expert discovery closed

 5   on January the 24th.  The last day for the court to hear

 6   any motions other than motions in limine would be on

 7   February the 21st.  Pretrial conference on March the

 8   19th, and trial on March 31st.

 9        MR. BREW:  Thank you, your Honor.

10        THE COURT:  Anything else with you guys?  And my

11   clerk will send out a minute order.  All right.  Have a

12   very nice day, gentlemen.

13        (Proceedings concluded.)

14

15

16

17

18

19

20

21

22

23

24

25
```

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

```
 1                        CERTIFICATE

 2

 3

 4   I hereby certify that pursuant to Section 753, Title 28,

 5   United States Code, the foregoing is a true and correct

 6   transcript of the stenographically reported proceedings held

 7   in the above-entitled matter and that the transcript page

 8   format is in conformance with the regulations of the

 9   Judicial Conference of the United States.

10   Date:  June 4, 2019

11

12    /s/ Katie Thibodeaux, CSR No. 9858, RPR, CRR

13

14

15

16

17

18

19

20

21

22

23

24

25
```

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

```
MR. BREW: [38]
MR. FISHER: [5]   3/9 21/5
 21/8 21/13 21/19
MR. KIRMAN: [36]
THE COURT: [77]
```

**/**
/s [1]   26/12

**1**
10 [1]   4/5
100 percent [1]   6/21
10:08 [1]   3/2
11 [1]   13/21
11111 [1]   2/5
12 [4]   22/3 22/7 22/8 22/11
13 [2]   10/10 10/15
14 [2]   11/3 17/6
14th [2]   22/23 24/18
1848 [1]   1/8
19-1848 [1]   1/8
1999 [1]   2/14
19th [1]   25/8
1st [3]   1/20 23/21 23/25

**2**
2019 [3]   1/15 3/1 26/10
21st [2]   22/25 25/7
22nd [2]   23/16 24/8
24th [3]   23/6 25/4 25/5
25th [1]   25/1
26249 [1]   2/9
27th [6]   23/1 23/4 23/17
 24/12 24/12 24/16
28 [1]   26/4

**3**
31st [1]   25/8
350 [1]   1/20

**4**
4311 [1]   1/20

**5**
500 [1]   2/5

**7**
753 [1]   26/4

**8**
8:30 [1]   23/4
8th [1]   23/15

**9**
90012 [1]   1/21
90025 [1]   2/6
90026 [1]   2/9
90067 [1]   2/15
9858 [2]   1/19 26/12

**A**
A.M [1]   3/2
ability [2]   4/6 16/5
able [3]   16/2 24/1 24/6
about [5]   4/24 12/4 12/5
 15/13 15/17
above [1]   26/7
above-entitled [1]   26/7
Absent [1]   10/24
accept [1]   14/20
account [2]   8/13 9/21
acquiring [1]   7/6
actually [3]   10/11 13/19
 24/24
add [2]   21/11 21/18
added [1]   21/13
adding [1]   21/9

addition [1]   21/1
additional [1]   8/3
address [3]   4/1 6/11 8/6
addressed [2]   9/19 22/17
advantageous [2]   13/1 13/1
affected [1]   8/18
after [1]   24/10
again [9]   5/15 5/20 8/2 9/23
 11/2 18/19 18/21 20/1 21/24
agree [6]   4/25 16/9 17/24
 18/1 18/10 19/11
agreed [1]   14/10
agreeing [1]   10/3
agreement [21]
agreements [2]   13/15 18/18
agrees [1]   21/13
al [1]   1/9
all [18]
allegation [4]   12/23 12/24
 12/25 14/13
allegations [5]   14/17 14/20
 14/21 14/23 15/19
allege [2]   10/23 13/8
alleged [3]   13/5 13/7 16/2
allegedly [1]   12/16
alleging [1]   13/4
allow [5]   4/25 17/9 21/17
 22/21 23/18
allowing [1]   22/20
along [1]   18/23
already [1]   16/19
also [7]   3/11 5/3 6/4 18/8
 21/12 21/15 24/21
although [3]   5/5 8/20 11/7
always [2]   8/8 17/16
am [14]
amend [2]   21/11 21/15
amended [1]   21/14
amendment [2]   21/18 21/21
amount [1]   16/12
ANGELES [6]   1/14 1/21 2/6
 2/9 2/15 3/1
another [5]   8/20 9/5 18/4
 22/3 23/16
answer [1]   10/25
answers [1]   10/21
any [9]   5/1 10/14 10/17
 10/19 15/19 15/25 16/11
 22/10 25/6
anybody [2]   5/23 25/2
anything [3]   14/14 17/12
 25/10
anyway [1]   22/20
APPEARANCES [1]   2/1
appearing [2]   3/8 3/11
appraiser [2]   14/5 14/7
appropriate [2]   15/5 15/8
are [38]
arguably [1]   5/21
argue [3]   3/10 18/6 22/21
argued [1]   22/9
arguing [1]   18/1
argument [7]   10/8 10/12
 11/16 12/13 17/1 20/2 20/2
arrangement [1]   12/19
as [28]
aside [1]   14/25
ask [6]   5/18 5/23 17/5 23/16
 23/20 24/9
asked [2]   10/11 19/7
asking [2]   17/18 24/3
aspect [1]   8/20
assume [1]   21/23
assuming [1]   15/4
Avenue [1]   2/14
away [1]   11/24

**B**
back [8]   10/21 16/9 18/8

22/22 23/11 23/13 23/15 24/7
 24/21 25/7
badly [1]   7/24
bargain [1]   13/19
based [2]   10/12 12/2
basically [2]   8/15 11/4
basis [7]   4/8 5/12 11/7
 11/12 20/11 22/1 22/7
be [42]
because [28]
become [1]   10/4
been [8]   6/5 9/1 11/5 11/12
 13/7 15/7 15/10 15/24
before [6]   4/25 6/11 9/5
 9/25 15/6 24/5
behalf [1]   3/13
being [4]   9/18 14/13 14/21
 16/21
believe [6]   3/25 4/11 7/1
 10/20 17/2 23/22
believes [1]   15/19
beneficiary [1]   16/1
between [1]   12/9
bit [4]   11/3 17/3 17/24
 20/16
both [6]   3/17 9/2 10/23
 12/16 13/16 18/5
bother [1]   17/8
Boulevard [1]   2/5
Box [1]   2/9
breach [3]   10/16 11/14 11/23
breached [1]   11/5
BREW [2]   2/4 3/8
briefed [3]   8/4 17/22 18/4
briefing [7]   17/4 17/7 17/9
 17/14 17/22 24/4 24/10
briefly [1]   8/6
bring [1]   22/3
brought [3]   5/8 5/9 22/3
buyer [3]   12/17 13/15 13/16
buying [1]   17/1

**C**
CA [5]   1/6 1/21 2/6 2/9 2/15
calendar [1]   22/25
CALIFORNIA [3]   1/2 1/14 3/1
call [2]   3/6 9/2
can [15]
can't [2]   7/24 11/23
capacities [1]   20/23
capacity [4]   18/11 19/19
 20/17 21/2
case [18]
cases [8]   8/15 11/13 11/22
 11/22 11/25 12/1 12/1 17/5
CENTRAL [1]   1/2
certain [4]   12/11 12/14
 13/15 20/8
certainly [2]   5/9 10/6
CERTIFICATE [1]   26/1
certify [1]   26/4
cetera [1]   7/25
chance [1]   18/6
changed [1]   21/19
charities [1]   18/17
charity [16]
choose [3]   16/11 18/24 20/10
Circuit [1]   11/10
circumstance [1]   14/2
cite [1]   11/2
cited [1]   11/22
claiming [1]   13/12
clear [4]   4/23 12/19 22/12
 22/22
clerk [1]   25/11
close [1]   25/3
closed [1]   25/4
Code [1]   26/5
come [6]   5/2 5/4 7/11 7/20

## C

**come...** [2]   9/20 18/25
**coming** [4]   6/4 23/11 23/13 23/15
**comment** [1]   22/5
**company** [2]   5/22 6/21
**complaint** [3]   15/5 21/11 21/14
**complete** [1]   5/7 7/24
**comply** [2]   7/14 10/6
**concede** [1]   13/8
**concluded** [1]   25/13
**conclusion** [2]   6/12 19/2
**concrete** [1]   10/24
**conduct** [1]   16/16
**confer** [1]   16/19
**conference** [4]   24/23 25/1 25/7 26/9
**conflation** [1]   4/11
**conflict** [2]   12/18 13/23
**conformance** [1]   26/8
**consideration** [1]   18/17
**contract** [9]   8/22 11/4 12/8 12/10 12/12 15/23 19/7 19/10 20/25
**contracts** [6]   10/14 10/16 10/19 10/22 12/5 19/3
**contractual** [2]   18/15 21/1
**contrast** [1]   4/15
**control** [1]   18/13
**controls** [1]   12/1
**copyright** [1]   12/1
**correct** [1]   26/5
**could** [6]   8/22 10/13 10/22 12/13 21/20 24/24
**counsel** [4]   2/1 6/14 16/25 17/24
**country** [1]   23/5
**court** [14]
**court's** [1]   23/1
**courts** [1]   12/2
**coverage** [1]   5/7
**cross** [1]   22/24
**CRR** [1]   26/12
**CSR** [2]   1/19 26/12
**currently** [1]   9/7
**CV** [1]   1/8
**CYPRESS** [1]   2/4

## D

**damages** [1]   16/2
**danger** [1]   7/25
**date** [2]   23/2 26/10
**dates** [2]   21/5 24/25
**DAVID** [2]   2/13 3/12
**day** [3]   24/20 25/5 25/12
**dealing** [1]   9/8
**December** [2]   25/1 25/4
**defendant** [6]   1/9 2/12 13/2 13/13 14/3 14/4
**defendants** [4]   12/10 12/11 13/14 17/6
**defense** [4]   10/9 17/24 20/1 20/2
**defrauded** [1]   14/10
**designate** [1]   16/5
**designated** [1]   15/10
**designation** [1]   18/11
**determine** [1]   8/12
**determined** [1]   14/4
**didn't** [2]   14/14 19/11
**different** [3]   14/16 17/4 19/1
**direction** [3]   12/1 17/4 17/25
**directly** [1]   10/17
**disagree** [1]   16/13
**disclosed** [2]   13/7 13/9

## 

**discovery** [2]   25/4 25/4
**discuss** [4]   4/19 5/19 22/1 22/11
**DISTRICT** [3]   1/1 1/2 1/4
**DIVISION** [1]   1/2
**do** [15]
**documents** [3]   7/19 7/19 15/24
**Doe** [1]   21/21
**does** [8]   10/15 10/18 16/19 18/12 18/14 18/15 19/21 20/7
**doesn't** [8]   7/20 15/1 16/11 17/8 18/11 19/17 19/20 20/12
**doing** [2]   13/15 14/23
**DOJ** [1]   18/12
**don't** [17]
**done** [4]   9/23 9/24 21/9 24/5
**downstairs** [1]   25/3
**draw** [1]   14/22
**dual** [3]   13/6 13/9 13/12
**during** [1]   23/8

## E

**easy** [1]   10/2
**effort** [1]   11/6
**Eighth** [1]   2/14
**either** [3]   7/24 15/22 25/2
**elements** [1]   10/24
**else** [4]   5/24 7/6 17/12 25/10
**elsewhere** [1]   6/5
**end** [1]   11/17
**enforce** [2]   10/14 10/18
**enforcement** [3]   9/6 11/13 20/20
**enter** [1]   18/18
**entered** [1]   9/14
**entities** [1]   18/13
**entitled** [1]   26/7
**entity** [4]   7/5 7/7 15/9 19/20
**envisioned** [1]   16/6
**escrow** [1]   8/13
**essence** [1]   13/11
**et** [2]   1/9 7/25
**ethics** [1]   12/20
**even** [6]   12/14 13/12 15/8 15/9 20/7 20/12
**every** [1]   14/22
**everything** [3]   15/5 22/4 22/12
**evidence** [1]   6/23
**exactly** [1]   20/17
**except** [1]   11/2
**excess** [4]   8/25 18/13 20/10 21/3
**excuse** [1]   10/13
**Exhibit** [1]   4/9
**existence** [2]   15/10 15/12
**Expert** [1]   25/4
**explicitly** [1]   10/11
**extensive** [1]   24/15
**extent** [1]   15/19

## F

**fact** [9]   8/24 9/5 10/23 10/23 11/10 13/6 13/9 18/22 22/8
**fair** [1]   14/4
**fairly** [1]   5/16
**fall** [1]   14/25
**far** [1]   11/15
**fashion** [1]   18/16
**February** [1]   25/7
**fiduciary** [1]   12/14
**file** [1]   22/23
**filing** [1]   4/10
**final** [2]   6/12 23/1

## 

**financial** [1]   20/3
**finance** [2]   31/7
**finding** [1]   20/12
**finished** [2]   6/15 6/16
**first** [6]   4/5 6/17 10/21 10/21 16/18 24/4
**FISHER** [2]   2/8 3/11
**five** [1]   24/14
**Floor** [1]   2/14
**focus** [1]   14/24
**footnote** [2]   11/3 17/6
**foregoing** [1]   26/5
**forever** [2]   20/8 22/14
**forfeiture** [1]   11/25
**format** [1]   26/8
**formed** [1]   6/22
**forth** [1]   13/25
**found** [2]   4/5 16/19
**fraud** [1]   22/10
**fund** [1]   8/12
**funds** [1]
**further** [2]   5/1 6/10
**furthered** [1]   7/9
**future** [1]   22/10

## G

**generated** [1]   8/24
**gentlemen** [1]   25/12
**GEORGE** [1]   1/3
**get** [7]   5/16 5/19 10/2 15/15 20/7 20/9 24/5
**gets** [4]   14/24 16/11 18/24 23/20
**getting** [1]   20/4
**give** [7]   17/15 18/5 19/11 22/23 24/11 24/11 24/24
**given** [1]   11/24
**gives** [1]   11/14
**go** [8]   5/1 6/10 11/14 11/15 12/2 18/14 20/10 21/3
**goes** [2]   18/17 20/1
**going** [14]
**gone** [2]   8/12 8/13
**good** [3]   3/10 3/12 8/10
**got** [1]   22/12
**government** [4]   9/2 9/9 15/14 20/9
**grant** [2]   5/13 5/14
**Great** [1]   10/7
**guess** [1]   7/21
**guys** [5]   17/15 17/25 22/23 23/20 25/10
**GW** [1]   1/8

## H

**had** [1]   12/11
**happens** [1]   20/4
**happily** [1]   7/14
**happy** [7]   6/14 7/4 8/7 8/8 8/9 17/19 20/15
**has** [17]
**hasn't** [3]   6/5 9/10 15/9
**have** [58]
**haven't** [1]   8/3
**he** [37]
**hear** [2]   17/20 25/5
**hearing** [3]   9/13 23/3 23/24
**held** [1]   26/6
**here** [5]   3/15 4/11 6/3 8/1 12/5
**hereby** [1]   26/4
**hid** [1]   13/2
**highlighted** [1]   4/4
**him** [12]   4/17 4/17 4/21 5/24 7/11 9/3 16/10 17/17 18/1 20/16 21/11 21/18
**his** [6]   5/22 6/3 10/2 16/5 16/20 20/17

**H**

hold [1]  6/22
Honor [54]
Honor's [3]  10/11 10/25 17/3
HONORABLE [1]  1/3
how [7]  4/18 8/12 15/8 19/4
19/4 19/5 21/9
However [1]  24/5

**I**

I'm [1]  24/16
important [3]  4/1 8/23 19/8
improperly [1]  8/18
include [2]  22/4 22/12
including [2]  11/22 17/6
indicated [1]  6/5
indicates [2]  10/3 21/12
indicating [2]  6/4 8/19
indispensable [3]  7/22 8/4
18/2
individual [1]  4/16
inference [1]  14/22
injured [1]  15/7
injury [1]  10/23
insofar [3]  12/7 14/21 16/5
intangible [1]  16/18
intents [1]  6/1
interest [12]  4/12 7/8 8/16
15/16 16/4 16/9 16/10 16/12
16/18 18/16 20/3 20/8
interests [3]  7/9 11/24 12/3
international [1]  23/8
involve [3]  19/4 19/4 19/5
is [158]
isn't [3]  19/17 19/18 21/23
issue [11]  6/3 6/11 7/2 8/3
8/5 13/19 13/19 17/21 18/2
18/4 19/15
issued [1]  3/16
issues [4]  4/1 4/3 13/8
13/23
it [83]
items [1]  13/3
its [1]  15/15
itself [2]  4/4 7/15

**J**

January [1]  25/5
join [2]  6/8 20/15
joined [1]  6/10
jointly [2]  4/6 14/6
judge [2]  1/4 25/2
Judicial [1]  26/9
JULIAN [2]  2/4 3/8
July [3]  23/20 23/21 23/25
July 1st [2]  23/21 23/25
JUNE [3]  1/15 3/1 26/10
just [18]

**K**

KATIE [2]  1/19 26/12
KEVIN [2]  2/8 3/10
kind [1]  19/1
KIRMAN [2]  2/13 3/13
know [6]  7/8 7/21 7/22 13/22
16/22 22/6

**L**

last [2]  9/13 25/5
law [2]  2/8 22/6
lawsuit [1]  8/11
least [2]  20/6 24/10
leave [1]  24/5
leaving [2]  23/10 23/12
length [1]  17/22
less [2]  14/3 16/21
lessened [1]  16/15
let [15]

levels [1]  13/3
Lienart [2]  1/13 13/25
limine [1]  25/6
liquidation [1]  10/18
litigate [1]  8/17
litigations [1]  7/25
little [5]  11/2 17/3 17/24
17/25 24/3
LLC [7]  1/6 4/8 4/21 4/22
5/24 6/6 20/24
LLP [2]  2/4 2/13
look [3]  11/23 11/25 18/7
looked [2]  7/19 14/13
LOS [6]  1/14 1/21 2/6 2/9
2/15 3/1
lot [1]  19/3
lots [1]  8/15

**M**

made [5]  12/13 14/13 14/18
21/25 21/25
magistrate [1]  25/2
make [2]  8/7 8/8
making [1]  11/16
Malibu [1]  1/6 3/7 7/16
many [1]  4/15
March [2]  25/7 25/8
March 31st [1]  25/8
market [1]  14/4
matter [8]  3/6 5/7 10/4 19/6
20/4 22/25 24/25 26/7
Mauricio [2]  1/9 3/13
may [5]  6/11 8/21 11/18
12/21 13/5
maybe [3]  5/7 5/8 7/23
me [18]
mean [3]  10/18 13/3 18/20
mediation [1]  24/25
member [2]  6/6 20/24
membership [1]  4/22
merit [1]  15/20
merits [2]  14/24 22/15
MEYERS [1]  2/13
might [2]  9/22 12/13
mind [1]  20/11
minute [1]  25/11
MONDAY [2]  1/15 3/1
money [9]  8/12 9/20 18/13
18/16 19/4 19/5 19/22 20/5
20/8
Monica [1]  2/5
more [4]  8/23 13/1 21/24
24/4
morning [2]  3/10 3/12
motion [9]  3/15 3/16 5/13
5/14 7/3 8/4 22/1 22/3 22/11
motions [4]  21/24 22/13 25/6
25/6
move [2]  13/18 22/14
Mr [2]  9/20 16/2
Mr. [10]  9/3 9/25 10/13
13/25 15/14 18/12 18/12
18/23 20/3 20/6
Mr. N [7]  9/3 15/14 18/12
18/12 18/23 20/3 20/6
Mr. Nguema [3]  9/25 10/13
13/25
much [3]  8/12 19/4 24/19
multiple [2]  7/25 8/1
mutually [1]  9/2
my [4]  4/21 14/15 20/11
25/10

**N**

necessarily [1]  4/23
necessary [1]  21/14
need [2]  5/6 22/18
needs [2]  5/4 6/8

negotiated [1]  19/11
negotiation [2]  19/13 19/16
netfication [1]  12/19
never [5]  10/14 10/18 11/1
new [1]  7/22
Nguema [9]  4/18 4/19 4/20
6/21 9/25 10/13 13/25 16/3
20/15
nice [2]  24/20 25/12
Ninth [1]  11/10
no [17]
noon [1]  24/12
not [42]
nothing [1]  9/19
now [4]  6/19 7/23 14/20
15/17
number [2]  11/21 13/3

**O**

O'MELVENY [1]  2/13
obligations [1]  12/11
obtained [1]  13/2
obtains [1]  19/22
obviously [3]  4/20 8/5 20/21
Official [1]  1/19
okay [7]  6/20 9/17 10/8 21/4
23/1 23/17 24/18
old [1]  7/21
once [4]  14/24 15/18 22/3
22/12
one [10]  8/23 11/3 11/21
12/6 12/6 13/10 13/16 20/23
22/4 22/5
only [3]  14/19 15/6 21/25
open [2]  9/12 21/23
opportunity [1]  17/7
order [6]  6/7 7/13 9/14 11/5
17/3 25/11
ordering [1]  10/5
other [10]  4/16 5/24 7/7
10/1 11/12 12/6 13/8 20/22
22/5 25/6
otherwise [1]  21/18
our [2]  4/10 10/12
out [2]  23/5 25/11
over [1]  21/24
owned [2]  6/21 7/5
owner [1]  7/17

**P**

P.O [1]  2/9
page [4]  4/5 10/10 10/15
26/7
pages [2]  24/14 24/14
paid [1]  19/4
panel [2]  9/15 25/3
papers [2]  22/24 22/24
Paragraph [3]  7/15 13/21
14/5
Paragraph 11 [1]  13/21
Paragraph 2 [1]  7/15
Paragraph 9 [1]  14/5
part [11]  5/24 6/25 7/2 9/18
16/18 18/3 18/17 19/9 19/9
20/21 22/11
particular [2]  8/2 12/15
particularized [1]  10/24
parties [9]  4/11 9/14 9/15
14/9 15/23 17/18 18/4 18/18
19/7
parties' [1]  17/4
party [13]  5/10 5/11 7/22
7/23 8/4 8/22 15/6 15/7 15/8
18/3 18/9 20/16 20/19
past [1]  13/18
patent [2]  11/22 12/1
percent [1]  6/21
performed [1]  19/6

**P**

period [2]   20/9 23/9
person [2]   7/7 7/8
person's [1]   7/9
personal [3]   16/20 16/22
 23/8
piecemeal [1]   22/13
plaintiff [12]   1/7 2/3 3/8
 4/7 4/12 5/23 10/4 20/18
 20/23 21/10 21/12 21/21
plaintiffs [1]   15/1
plead [1]   14/21
pleading [2]   21/18 21/24
point [12]   6/9 6/16 6/17 8/2
 8/14 15/2 15/9 15/15 17/10
 19/25 22/15 22/22
points [1]   11/19
possessory [1]   20/8
post [1]   24/25
post-mediation [1]   24/25
potential [2]   12/18 15/7
power [1]   8/5
practical [1]   21/6
PRAXIS [1]   2/8
prebooked [1]   23/8
precedential [2]   11/8 11/9
present [1]   3/14
president [1]   19/9
presidential [1]   11/8
PRESIDING [1]   1/4
presume [3]   3/17 5/1 5/16
Pretrial [1]   25/7
primarily [1]   8/19
principles [1]   10/22
private [1]   25/2
problem [6]   7/20 14/19 15/13
 18/10 18/19 24/4
problematic [2]   12/22 20/13
procedural [1]   4/24
proceeding [2]   9/19 10/1
proceedings [4]   1/13 9/7
 25/13 26/6
profit [1]   13/16
pronounce [1]   4/18
property [10]   7/6 7/10 7/17
 8/25 12/7 12/9 13/20 14/3
 15/23 19/11
property's [1]   14/4
propos [1]   11/11
propose [1]   17/13
provide [1]   17/7
provided [4]   4/7 9/1 16/23
 19/18
provides [1]   7/16
provisions [1]   19/3
purpose [2]   7/6 8/11
purposes [3]   5/5 5/7 6/2
pursuant [2]   14/5 26/4
pursue [1]   8/22
put [9]   4/23 7/11 7/18 16/25
 17/23 22/22 22/25 23/19
 23/24

**Q**

question [6]   5/3 9/4 9/9
 10/12 10/25 21/6
questions [1]   17/6
quickly [1]   5/16
quite [3]   11/14 20/6 22/11
quote [1]   14/1

**R**

raise [1]   8/5
raised [4]   7/3 7/4 8/3 18/3
raises [1]   17/5
reach [1]   6/12
reaches [1]   19/1
real [5]   8/25 12/9 14/3 14/4

really [3]   7/23 7/24 9/19
realtor [2]   12/15 14/10
realtors [1]   12/20
Realty [1]   3/13
reason [3]   18/7 20/1 20/13
reasonable [1]   14/22
reasoning [1]   11/11
reasons [1]   8/1
receive [2]   4/6 10/17
record [1]   7/2
refer [6]   4/9 4/17 4/17 7/14
 13/21 16/8
referenced [1]   18/22
refiled [1]   5/19
regard [1]   15/16
regular [1]   25/3
regulations [1]   26/8
related [1]   22/8
relationship [1]   12/9
relationships [1]   12/14
released [1]   6/18
relinquish [1]   6/18
rely [1]   11/23
remain [1]   6/2
remedy [3]   7/24 11/5 11/13
reopened [1]   9/10
replies [1]   24/1
reply [2]   22/24 24/16
reported [1]   26/6
Reporter [1]   1/19
REPORTER'S [1]   1/13
representation [3]   13/6 13/9
 13/13
representing [4]   12/16 12/17
 12/25 13/14
request [2]   5/13 17/7
required [1]   5/15
resolved [1]   6/3
respect [2]   13/20 16/17
respond [3]   6/19 7/4 11/18
restrictions [1]   19/24
result [1]   8/25
retained [4]   13/25 14/1 16/9
 16/10
return [1]   24/10
reviewed [1]   3/25
right [16]
rights [2]   13/24 21/1
rise [1]   11/14
role [1]   19/20
rolling [1]   22/13
round [1]   24/4
RPR [1]   26/12
Rule [1]   22/11
rules [1]   12/20
ruling [2]   14/15 23/1

**S**

said [2]   11/13 24/7
sale [2]   8/25 12/7 12/8
 13/20 15/23
same [2]   19/2 19/18
Santa [1]   2/5
satisfaction [2]   16/20 16/23
Saturday [2]   23/12 23/14
say [7]   7/19 8/15 11/8 13/17
 15/1 18/7 18/20
saying [5]   13/4 15/11 16/20
 19/13 20/2
says [3]   11/4 11/23 18/24
schedule [1]   17/14
scheduling [1]   24/22
second [2]   10/8 11/21
secondly [1]   20/24
secretly [2]   12/16 12/17
Section [1]   26/4
see [1]   14/14

seen [1]   3/17
select [4]   4/6 9/15 9/15
 15/16
selected [4]   9/2 9/11 14/6
 15/18
selecter [1]   21/2
selecting [1]   4/13
selection [1]   19/21
seller [3]   12/16 13/2 13/14
send [1]   25/11
sense [1]   16/13
sent [1]   19/22
services [1]   19/6
set [2]   13/25 23/17
settlement [20]
seven [1]   24/14
should [3]   4/1 5/8 8/13
side [3]   11/16 13/15 17/25
sides [2]   3/17 18/5
signatory [3]   12/10 15/22
 20/24
signature [3]   5/15 5/16 10/3
signed [1]   15/24
significant [1]   19/15
simple [1]   11/13
simply [1]   4/24
simultaneous [1]   24/1
since [1]   5/2
situation [2]   12/8 12/15
slightly [1]   19/1
so [36]
sold [1]   14/3
sole [2]   6/5 20/23
solely [2]   22/1 22/7
some [8]   4/8 4/11 6/9 8/16
 17/3 17/5 19/4 19/5
somebody [3]   3/20 8/18 25/3
somehow [1]   22/10
someone [1]   7/5
something [9]   3/20 7/3 10/3
 11/5 16/23 19/8 19/10 21/12
 21/20
somewhere [1]   11/15
soon [1]   22/14
sorry [1]   24/16
sort [3]   8/16 19/1 20/16
specific [1]   19/23
specifically [1]   19/10
stand [1]   17/16
standing [14]
Stars [1]   2/14
stated [1]   15/24
states [13]   1/1 1/4 5/4 5/6
 5/8 7/16 9/8 18/12 18/23
 19/12 19/23 26/5 26/9
status [1]   25/1
stead [1]   15/15
stenographically [1]   26/6
step [2]   4/24 11/21
stickier [1]   19/25
Still [1]   9/12
stop [2]   14/8 22/16
Street [1]   1/20
struggling [1]   20/16
stuff [4]   18/6 22/21 22/21
 23/1
subject [1]   9/7
submit [1]   22/18
substance [2]   11/24 14/12
substantial [1]   17/5
successful [1]   11/17
such [1]   6/3
sue [3]   10/16 10/22 20/20
sufficient [3]   8/21 16/4
 20/11
suggest [1]   14/15
Suite [2]   1/20 2/5

**S**

**summons [1]**   21/16
**supplemental [6]**   17/9 17/21
18/6 22/17 22/23 22/24
**supply [1]**   11/7
**support [1]**   14/23
**suppose [1]**   17/8
**supposed [3]**   8/24 9/1 22/4
**Sure [3]**   6/13 11/20 21/22
**Sweetwater [32]**

**T**

**take [1]**   22/13
**takes [1]**   11/6
**talking [4]**   4/24 12/5 15/17
17/17
**tentative [5]**   3/16 3/24 4/5
10/11 19/8
**term [2]**   7/21 7/22
**terms [1]**   13/13
**than [4]**   5/24 14/3 17/4 25/6
**thank [4]**   3/23 8/10 24/19
25/9
**that [177]**
**their [1]**   22/7
**them [6]**   9/24 13/10 19/3
19/4 19/5 22/10
**themselves [1]**   13/16
**then [10]**   5/2 7/4 7/6 9/15
18/2 18/21 21/15 22/24 23/20
24/1
**there [32]**
**thereafter [1]**   11/3
**therefore [3]**   8/22 14/25
15/11
**these [5]**   4/3 9/23 13/2
13/24 15/19
**they [19]**
**THIBODEAUX [2]**   1/19 26/12
**thing [6]**   8/19 12/4 14/19
15/13 19/18 21/25
**things [5]**   9/23 13/1 13/15
14/25 19/6
**think [12]**   4/19 5/6 5/6 5/18
8/20 8/23 11/11 11/21 14/8
15/12 20/19 22/2
**this [42]**
**those [16]**
**though [3]**   9/10 13/12 20/7
**thought [3]**   17/18 22/6 23/17
**through [1]**   18/12
**time [10]**   6/3 6/9 11/6 15/3
15/9 15/15 17/10 20/9 22/22
23/18
**Title [1]**   26/4
**together [1]**   9/14
**towards [1]**   11/15
**transcript [3]**   1/13 26/6
26/7
**transferred [2]**   16/7 16/14
**travel [1]**   23/8
**trial [1]**   25/8
**true [7]**   9/22 13/4 13/5
14/22 15/5 20/7 26/5
**turn [1]**   14/25
**two [7]**   4/1 10/20 10/24
11/18 12/5 20/23 23/16

**U**

**U.S [1]**   1/19
**Umansky [4]**   1/9 3/7 3/13
9/20
**UMRO [1]**   3/13
**under [6]**   8/23 10/22 12/11
14/2 16/6 16/24
**underlying [4]**   6/25 7/2 9/6
12/2
**understand [7]**   4/14 7/18

8/14 11/16 14/17 16/25 18/20
**understanding [1]**   23/11
**unfortunately [1]**   23/7
**UNITED [12]**   1/1 1/4 5/4 5/6
5/8 9/8 18/12 18/23 19/12
19/23 26/5 26/9
**unless [1]**   12/18
**unlike [1]**   16/2
**unpublished [1]**   11/10
**until [5]**   6/3 6/10 6/14
22/23 24/12
**up [4]**   4/17 17/16 19/11
21/23
**upon [1]**   11/12
**use [3]**   7/9 13/12 25/1
**used [4]**   7/7 7/21 18/16 19/5
**utilize [1]**   13/13

**V**

**value [1]**   14/4
**versus [1]**   3/7
**very [5]**   4/1 9/22 10/2 24/19
25/12
**vice [1]**   19/8
**violation [1]**   12/20
**vis [2]**   20/23 20/23
**vis-a-vis [1]**   20/23

**W**

**wait [3]**   6/14 15/12 17/19
**want [9]**   3/20 7/11 7/23 9/23
9/24 10/7 11/8 21/9 25/2
**was [13]**   6/21 7/3 8/3 9/14
12/10 13/7 18/4 19/8 19/10
22/7 22/11 23/2 24/3
**way [11]**   4/23 7/11 7/18 9/23
11/15 16/25 17/23 17/25
18/25 22/5 22/22
**we [29]**
**week [3]**   23/16 24/10 24/11
**well [14]**
**went [2]**   17/3 17/24
**were [11]**   8/24 9/1 11/24
13/1 13/8 13/14 14/15 15/1
17/18 17/25 18/21
**West [1]**   1/20
**WESTERN [1]**   1/2
**what [21]**
**whatever [2]**   12/20 12/21
**when [9]**   7/5 11/4 13/22
17/16 18/18 18/19 23/10
23/10 23/25
**where [5]**   6/23 8/20 12/8
12/15 18/13
**whether [6]**   5/3 7/8 7/21
8/17 10/12 10/13
**which [8]**   4/10 7/15 7/16
8/15 9/15 13/22 19/2 20/25
**while [1]**   12/25
**who [4]**   3/13 12/10 12/15
18/23
**why [9]**   5/14 5/17 5/20 16/8
17/16 19/13 20/1 20/13 23/25
**will [29]**
**willing [2]**   6/2 6/18
**won't [4]**   6/10 21/19 22/5
24/11
**word [1]**   11/9
**words [2]**   13/12 20/22
**work [1]**   9/14
**would [33]**
**write [1]**   4/17
**wrong [1]**   11/9
**WU [1]**   1/3

**Y**

**Yeah [1]**   5/11
**Yes [14]**

**you [56]**
**your [60]**

**Z**

**zero [1]**   4/12