UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 19-1848-GW-SSx | Date | July 1, 2019 |
| Title | *Sweetwater Malibu CA, LLC v. Mauricio Umansky, et al.* | | |

Present: The Honorable   GEORGE H. WU, UNITED STATES DISTRICT JUDGE

| Javier Gonzalez | Katie E. Thibodeaux | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:      Attorneys Present for Defendants:

R. Kevin Fisher      David L. Kirman
            Andrew J. Weisberg

**PROCEEDINGS:   DEFENDANTS MAURICIO UMANSKY AND UMRO REALTY CORPORATION'S MOTION TO DISMISS COMPLAINT [18]**

The Court's Response to Supplemental Briefing is circulated and attached hereto. Court hears further argument. For reasons stated on the record, Defendants' Motion is GRANTED with leave to amend. Plaintiffs will have two weeks from the date of this order to file an amended complaint.

The Court consolidates this action with *United States of America v. One White Crystal Covered Bad Tour Glove and Other Michael Jackson Memorabilia*, CV 11-3582-GW-SSx for pretrial purposes only.

: 10

Initials of Preparer   JG

<u>Sweetwater Malibu CA, LLC v. Umansky et al</u>; Case No. 2:19-cv-01848-GW-(SSx)
Court's Response to Supplemental Briefing

On June 3, 2019, this Court held a hearing on Defendants' Motion to Dismiss for lack of standing ("Motion"). *See* Minutes of Motion, Docket No. 24. At the hearing, the Court distributed its tentative ruling (the "Tentative Ruling") that it would deny the Motion, subject to the parties' answering certain questions delineated therein. *See id.* After argument, the Court continued the hearing on the Motion to July 1, 2019, and ordered the parties to submit simultaneous cross-supplemental briefs and cross-supplemental replies. *See id.* The Court also granted Plaintiff's request to add Teodoro Nguema Obiang Mangue ("Nguema") as a party. *See id.*

Both parties filed the requested briefs. *See* Supplemental Brief in Opposition to Motion ("Plaintiffs' Supplement"), Docket No. 28; Supplemental Brief in Support of Motion ("Defendants' Supplement"); Plaintiffs' Second Supplemental Brief ("Plaintiffs' Responsive"), Docket No. 28; Defendants' Response to Plaintiffs' Supplement ("Defendants' Responsive"), Docket No. 31.

Defendants first argue that Sweetwater does not have standing based on Nguema's right in the Settlement Agreement to jointly-designate a charity to receive the proceeds from the sale. *See* Defendants' Supplement at 1-2. The Court agrees with Defendants that the right to jointly-select the charity is Nguema's and not Sweetwater's. The Court's tentative ruling recognized that there were issues with which parties should be involved in this action and asked the parties to address the issues at the hearing. *See* Tentative Ruling at 10. Now, however, some of those issues may have been resolved because the Court has granted Plaintiff's request to add Nguema as a party. The Court would stand by its reasoning that the reduction in money that Nguema may direct towards a charity of his (joint-)choosing is a sufficient injury for him to establish standing.[1] Below, the Court will address whether Plaintiffs need to re-plead to officially add Nguema as a party.

Nevertheless, there are still questions about whether Sweetwater has standing. Defendants rehash their *Spokeo Inc. v. Robins*, 136 S. Ct. 1540 (2016) argument, but the Court would find the

---

[1] The Court is skeptical of Defendants' argument that Nguema only had a contractual right to sell the property for a Fair Market Value determined by a jointly-selected appraiser. Defendants' Supplemental at 3 n.2 (citing Settlement Agreement ¶ 11). But Settlement Agreement ¶ 11 merely states that "under no circumstance will the Defendant Real Property *be sold for less than the Defendant Real Property's FMV*," suggesting that the Agreement envisioned potentially receiving above FMV for the Sweetwater Property. Settlement Agreement ¶ 11 (emphasis added). Moreover, Plaintiffs allege that Sweetwater "had the sole discretion to agree to any sale over $32 million." Complaint ¶ 19.

1

case distinguishable. *See* Defendants' Supplemental at 3-4. Spokeo ran a "people search engine" that plaintiff alleged disseminated inaccurate information about him. *Id.* at 1544-45. Plaintiff asserted a claim under the Fair Credit Reporting Act of 1970 ("FCRA"). *Id.* at 1544. The Supreme Court held that the plaintiff could not:

> [S]atisfy the demands of Article III by alleging a bare procedural violation. A violation of one of the FCRA's procedural requirements may result in no harm. For example, even if a consumer reporting agency fails to provide the required notice to a user of the agency's consumer information, that information regardless may be entirely accurate. In addition, not all inaccuracies cause harm or present any material risk of harm. An example that comes readily to mind is an incorrect zip code. It is difficult to imagine how the dissemination of an incorrect zip code, without more, could work any concrete harm.

*Id.* at 1550. On remand, however, the Ninth Circuit considered the "concreteness" of plaintiff's alleged harm and held:

> Robins specifically alleged that Spokeo falsely reported that he is married with children, that he is in his 50s, that he is employed in a professional or technical field, that he has a graduate degree, and that his wealth level is higher than it is. It does not take much imagination to understand how inaccurate reports on such a broad range of material facts about Robins's life could be deemed a real harm. For example, Robins alleged that he is out of work and looking for a job, but that Spokeo's inaccurate reports have "caused actual harm to [his] employment prospects" by misrepresenting facts that would be relevant to employers, and that he suffers from "anxiety, stress, concern, and/or worry about his diminished employment prospects" as a result.

*Robins v. Spokeo, Inc.*, 867 F. 3d 1108 (2017).

   Defendants' *Spokeo* argument fails for two reasons. First, the Court held in the Tentative Ruling that the breach of the Settlement Agreement was not an abstract injury, but rather reduced the amount of money that Nguema could direct to a charity. Second, the Court would find *Spokeo* distinguishable, in part, because it dealt with an alleged violation of a procedural provision of a statute, rather than a breach of the agreed-upon terms of a contract. Defendants contend that the distinction between a statutory violation and a breach of contract does not matter, and cites non-precedential cases for the premise that "courts routinely deny breach of contract claims for lack of standing when the plaintiff cannot allege a concrete, actual injury." Defendants' Supplemental at 4. For example, in *Cahen v. Toyota Motor Corp.*, the Ninth Circuit held, in an unpublished

decision, that a putative class did not have standing to assert, *inter alia*, breach of contract and breach of common law warranty because their vehicles were susceptible to being hacked by third parties.  717 F. App'x 720, 723 (9th Cir. 2017).[2]  The court reasoned that because plaintiffs did not allege that their cars had actually been hacked, there was no concrete and particularized injury. *Id.*

But the situation in this case is different.  Plaintiffs are not alleging that they are susceptible to some future occurrence; they are alleging that Defendants breached certain contractual duties they owed to Plaintiffs.[3]  The alleged breach here is concrete, and as mentioned above, and in the Tentative Ruling, Nguema would suffer actual injury in the reduction of funds for the charity.  The Court would add to its Tentative Ruling and note that Sweetwater entered into the Settlement Agreement and bargained for its only member, Nguema, to use the proceeds from the sale to jointly-select the charity.  The reduction in funds for charity, therefore, also frustrated one of Sweetwater's purposes for entering into the Settlement Agreement – maximizing funds so that its sole member could direct those funds to a charity.  Thus, the Court would conclude that Plaintiffs have alleged the type of concrete injury that *Spokeo* requires.[4]

As such, the Court would be inclined to stand by its Tentative Ruling and **DENY** Defendants' Motion to Dismiss.

Finally, the parties dispute whether Plaintiffs must file an amended complaint to add Nguema, and whether Defendants would be allowed to file additional Rule 12(b) motions in response to that amendment.  *See* Plaintiffs' Responsive at 5; Defendants' Responsive at 4-5.  Defendants argue that there are notice problems because the current Complaint does not inform Defendants which claims are being brought by which Plaintiff.  *See* Defendants' Responsive at 4.

---

[2] The Court would also reject Defendants' reliance on *Belluomini v. CitiGroup, Inc.*, 2013 WL 3855589, at *2 (N.D. Cal. July 24, 2013) as the case discusses whether plaintiffs sufficiently alleged a breach of contract claim, rather than whether plaintiffs had standing to assert the claim.

[3] Plaintiffs also allege breach of fiduciary duties, and statutory and common law violations relating to Defendants' alleged conduct.  *See generally* Complaint.

[4] The Tentative Ruling, in part, relied on the belief that Sweetwater would suffer injury in the lost time and income spent challenging Defendants' allegedly wrongful conduct.  *See* Tentative Ruling at 13 n.14 (citing *Sisley v. Sprint Communs. Co., L.P.*, 284 Fed. Appx. 463 (9th Cir. 2008).  Defendants argue that Plaintiffs did not allege that they lost time and money fighting the wrongful conduct here.  *See* Defendants' Responsive at 3.  The Court would agree with Defendants, and therefore will no longer rely on that ground for standing.
   As a practical matter, even if Sweetwater does not have standing, the introduction of Nguema as a party means that the case will still proceed.

Plaintiffs argue that the Court already stated that an amendment is not necessary.  *See* Plaintiffs' Responsive at 5.

The Court will discuss the amendment issue at the hearing.  In the Court's mind, Defendants' notice concerns are somewhat overblown considering that Plaintiffs have been open about the fact that Nguema is Sweetwater's principal and only member.  Moreover, the Court would caution Defendants that the Court has now twice considered their standing arguments.  Any technical amendment to the Complaint would likely not change the Court's mind about the parties' standing.  However, the Court recognizes that "[t]o add a new party to the action, the pleadings normally must be amended in accordance with Rule 15 procedures."  *See* Phillips & Stevenson, *Rutter Grp. Prac. Guide Fed. Civ. Pro. Before Trial – Ch. 8-F Amended and Supplemental Pleadings*, § 8:1380 (Rutter Group 2019).  And, further, Plaintiffs did not direct the Court to any authority to the contrary.